# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

| | |
|---|---|
| CHARLES DOGAN, JR., )<br>)<br>　　　Movant, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>　　　Respondent. ) | CIVIL ACTION NO. 2:15-11006<br>(Criminal No. 2:96-00066) |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are the following: (1) Movant's *pro se* Motion to Vacate, Set Aside, or Correct Sentence by A Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Document No. 181), filed on July 16, 2015; (2) Movant's "Successive Petitions Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence" (Document Nos. 192 and 196), filed on June 27, 2016, and July 12, 2016; and (3) The United States' "Motion to Withdraw Referral to Magistrate Judge and To Stay Case Pending Supreme Court Ruling" (Document No. 199), filed on August 4, 2016. By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 182.) By Order entered on January 6, 2016, the above case was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 187.)

### FACTUAL AND PROCEDURAL BACKGROUND

**A**　　**Criminal Action No. 2:96-00066:**

On August 21, 1996, Movant pled guilty to one count of Possession with Intent to

Distribute Cocaine Base (Count Six) in violation of 21 U.S.C. § 841(a)(1). (Criminal Action No. 2:15-11006, Document No. 28.) On January 2, 1997, after a change in counsel, Movant filed a Motion to Withdraw his guilty plea. (Id., Document No. 53.) Following a hearing, the District Court denied Movant's Motion to Withdraw on March 31, 1997. (Id., Document No. 56.) A Presentence Investigation Report was prepared. The District Court determined Movant had an Base Offense Level of 26, and a Total Offense Level of 34, the Court having applied an enhancement to an adjusted offense level of 34 pursuant to U.S.S.G. § 4B1.1 because Movant met the criteria for career offender status.[1] (Id., Document No. 67, pp. 32 – 34.) The District Court sentenced Movant on April 8, 1997, to a 288-month term of imprisonment "to run consecutively to the 24-month term of imprisonment imposed by this court on April 8, 1997, for the revocation of defendant's supervised release term, for a total term of 312 months." (Id., Document No. 57.) The District Court further imposed a five-year term of supervised release and a $50 special assessment. (Id.)

On April 14, 1997, Movant filed a Notice of Appeal. (Id., Document No. 58.) In his appeal, Movant argued that the District Court erred by denying his motion to withdraw his guilty plea. (Id., Document No. 199.) On July 15, 1998, the Fourth Circuit Court of Appeals affirmed the District Court's judgment. (Id.); United States v. Dogan, 155 F.3d 561 (4th Cir. 1998).

**B.     Section 2255 Motion:**

On February 11, 1999, Movant, acting *pro se*, filed his first Motion Under 28 U.S.C. §

---

[1] The District Court determined that Movant met the criteria for career offender status pursuant to U.S.S.G. § 4B1.1 based upon his 1982 West Virginia conviction for second degree murder and a 1991 conviction for multiple counts of possession with the intent to distribute cocaine base (a controlled substance offense).

2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Memorandum in Support.[2] (Civil No. 2:99-00011, Document No. 81.) As grounds for *habeas* relief, Movant argued as follows: (1) The Government failed to prove by a preponderance of the evidence that Movant possessed crack cocaine; and (2) Congress lacked the authority to impose a separate punishment for crack cocaine under 21 U.S.C. § 841(a)(1). (Id.) By Proposed Findings and Recommendations entered on September 7, 1999, United States Magistrate Judge Jerry D. Hogg recommended that Movant's Section 2255 Motion be denied based upon procedural default and on the merits. (Id., Document No. 88.) By Memorandum Opinion and Order entered on May 23, 2000, United States District Judge Copenhaver adopted Judge Hogg's recommendation and denied Movant's Section 2255 Motion. (Id., Document Nos. 92 and 93.) Movant filed his Notice of Appeal on July 12, 2000. (Id., Document No. 94.) On August 21, 2001, the Fourth Circuit denied a Certificate of Appealability and dismissed the appeal. (Id., Document No. 104.)

**C.      Section 3582 Motions:**

On March 31, 2008, Petitioner filed his first Motion to Reduce his Sentence pursuant to 18 U.S.C. § 3582 based upon the lowering of the crack cocaine guideline ranges. (Id., Document No. 109.) Movant filed his second Section 3582 Motion on June 25, 2008. (Id., Document No. 110.) By Order entered on June 23, 2009, the District Court denied both Motions after finding that Movant was not eligible for a sentencing reduction under the amended Guidelines because Movant was a career offender. (Id., Document No. 115.)

---

[2] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

**D.     *Habeas* Petition filed with Fourth Circuit:**

On January 12, 2010, Movant filed a *habeas* petition with the Fourth Circuit under the Court's original jurisdiction. (Id., Document Nos. 120 – 123.) In his Petition, Movant disputed his designation as a career offender and asserted that law enforcement officials engaged in threats and intimidation, which resulted in a fraudulent conviction. (Id.) On April 27, 2010, the Fourth Circuit denied Movant's Petition. (Id., Document No. 124 and 125.); United States v. Dogan, No. 10-1043 (4th Cir. April 27, 2010).

**E.     Petition for Writ of Mandamus:**

On November 3, 2011, Movant filed a Petition for Writ of Mandamus. (Criminal Action No. 2:96-00066, Document No. 127, 131.) By Proposed Findings and Recommendations filed on December 15, 2011, United States Magistrate Judge Mary E. Stanley recommended that Movant's Petition for Writ of Mandamus be denied. (Id., Document No. 132.) By Memorandum Opinion and Order entered on December 15, 2011, Judge Copenhaver adopted Judge Stanley's recommendation and denied the Petition for Writ of Mandamus. (Id., Document Nos. 136 and 136.) On January 12, 2012, Movant filed a Motion for Reconsideration. (Id., Document No. 140.) Judge Copenhaver denied Movant's Motion on January 27, 2012. (Id., Document No. 142.) Movant filed his Notice of Appeal on February 16, 2012. (Id., Document No. 145.) The Fourth Circuit affirmed the District Court's decision on June 26, 2012. (Id., Document No. 163.)

**F.     Petition for Writ of Coram Nobis:**

On January 18, 2013, Movant, acting *pro se*, filed his Petition for Writ of Error Coram Nobis. (Id., Document Nos. 169, 172, and 173.) By Proposed Finding and Recommendation entered on August 20, 2013, United States Magistrate Judge Dwane L. Tinsley recommended that Movant's Petition for Writ of Error Coram Nobis be denied. (Id., Document No. 176.)

Movant filed his Objections on September 3, 2013. (Id., Document No. 178.) By Memorandum Opinion and Order filed on September 16, 2013, Judge Copenhaver adopted Judge Tinsley's recommendation and denied Movant's Petition for Writ of Coram Nobis. (Id., Document Nos. 179 and 180.)

**G.    Second Section 2255:**

On July 16, 2015, Movant, acting *pro se*, filed his second Section 2255 Motion. (Civil Action No. 2:15-11006, Document No. 181.) In support of his Motion, Movant alleges that he is entitled to relief based upon the United States Supreme Court's decision Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). (Id.) Specifically, Movant argues he was improperly determined to be a career offender under the United States Sentencing Guidelines. (Id.) Therefore, Movant requests that he be resentenced without the career offender enhancement. (Id.) By Order entered on July 22, 2015, Judge VanDervort directed the United States to file its Answer. (Id., Document No. 183.) The United States filed a Response on August 24, 2015. (Id., Document No. 186.)

By Order entered on June 14, 2016, the Court appointed John A. Carr, Criminal Justice Act Panel Representative, to represent Movant to determine whether Movant may qualify for relief under Section 2255 in light of Johnson "and to present any petitions, motions, or applications relating thereto to the Court for disposition."[3] (Id., Document No. 188.) On June 27, 2016, Movant, by counsel, filed his "Successive Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence" and "Motion to Hold § 2255 Filing in Abeyance." (Id., Document Nos. 192 and 193.) In his "Motion to Hold § 2255 Filing in Abeyance," Movant requested that

---

[3] The Order further stated that "[c]ounsel's representation pursuant to this appointment is limited to *Johnson* relief unless the presiding District Judge directs otherwise. (*Id.*, Document No. 188.)

5

his "Successive Petition Under 28 U.S.C. § 2255 To Vacate, Set Aside or Correct Sentence" be held in abeyance pending a ruling from the Fourth Circuit Court of Appeals on his request for authorization to file a second or successive Section 2255 motion. (Id., Document No. 193.) By "Notice of Authorization" and Order filed on July 12, 2016, the Fourth Circuit granted Movant's request to file a successive Section 2255. (Id., Document Nos. 194 and 195.)

In his "Successive Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence," Movant argues he is entitled to relief based upon Johnson. (Id., Document Nos. 192 and 196.) Movant argues that under Johnson, Movant is no longer a career offender because his predicate conviction for second degree murder under West Virginia law no longer qualifies as a crime of violence under any portion of the career offender definition. (Id.) In support, Movant explains that in Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague. (Id.) Movant, therefore, argues that it follows that the identical residual clause in the career offender provision, U.S.S.G. § 4B1.2(a)(2), is also void for vagueness." (Id.) Thus, Movant concludes that his prior conviction does not trigger the application of the Section 4B1.1 career offender enhancement. (Id.) Movant argues that his prior conviction for second degree murder does not qualify as crime of violence under the enumerated offenses or the force clause of the career offender provision. (Id.) Movant, therefore, contends that in light of Johnson, [he] no longer qualifies as a career offender, and his current sentence violates due process of law in violation of 28 U.S.C. § 2255(a)." (Id.) Movant further argues that his Motion is timely under Section 2255(f)(3) because Movant filed it within one year of the Supreme Court's decision in Johnson – a ruling which established a "newly recognized" right that is retroactively applicable to cases on collateral reviews. (Id.)

By Order entered on July 13, 2016, the undersigned directed the United States to file its

6

Answer. (Id., Document No. 198.) On August 4, 2016, the United States filed its Motion to Withdraw Referral to Magistrate Judge and To Stay Case Pending Supreme Court Ruling. (Id., Document No. 199.) Specifically, the United States requests that the District Court (1) withdraw the referral of the case to the Magistrate Judge, and (2) stay the case pending resolution of Beckles v. United States, ___ U.S. ___, 136 S.Ct. 2510, 195 L.Ed.2d 838 (2016). (Id.)

On October 12, 2016, following the granting of an extension of time, the United States filed its Response to Movant's Section 2255 Motion. (Id., Document No. 202.) First, the United States argues that Movant's claims were not timely filed. (Id., pp. 9 – 17.) Second, the United States contends that Movant "procedurally defaulted his claims and has not demonstrated good cause to excuse his default." (Id., pp. 18 – 20.) Third, the United States claims that Movant has not satisfied his burden of proving that Johnson made any difference in his original sentence. (Id., p. 20.) Fourth, the United States argues that Johnson does not apply on collateral review to Guideline issues. (Id., pp. 20 – 26.) Finally, the United States claims that Movant's West Virginia conviction for second degree murder constitutes a predicate offense for purposes of satisfying the career offender guidelines. (Id., pp. 26 – 33.)

Movant, by counsel, filed his Reply on November 9, 2016. (Id., Document No. 207.) First, Movant argues that he "has no burden of production or persuasion to show that the district court relied exclusively on U.S.S.G. § 4B1.2(a)(2)'s residual clause in sentencing ["Movant"] as a career offender." (Id., pp. 2 – 6.) Second, Movant contends that "because Johnson invalidated the residual clause, and [Movant's] prior conviction of second degree murder does not otherwise qualify as a predicate under the force clause, which then renders his sentencing as a career offender invalid." (Id., pp. 6 – 7.) Third, Movant argues that "Johnson is substantive and does apply on collateral review." (Id., pp. 7 – 8.) Finally, Movant argues that his "West Virginia

7

conviction for second degree murder does not qualify as a predicate crime of violence for career offender purposes." (Id., pp. 8 – 10.)

On October 12, 2016, Movant, by counsel, filed his "Supplemental Memorandum in Support of § 2255 Motion to Correct Sentence" in light of the Supreme Court's decision in Beckles v. United States, ___ U.S. ___, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017). (Id., Document No. 208.) Specifically, Movant argues that "*Beckles* applies only to the current advisory Guideline scheme." (Id.) Movant claims that because he was "sentenced before *United States v. Booker*, 543 U.S. 220 (2005), and the advent of advisory Sentencing Guidelines, *Beckles* does not resolve his pending § 2255 motion." (Id.) Movant stresses that "[i]n concluding that a defendant may not raise a vagueness challenge to the Guidelines, the [Beckles] Court repeatedly noted the advisory nature of the Guideline scheme under which Beckles was sentenced." (Id.) Movant explains that he was sentenced in 1997, when the Guidelines were mandatory. (Id.) Movant claims that "the mandatory Guideline scheme in place when [Movant] was sentenced did, in fact, 'fix' the sentence with the force of statute." (Id.) Movant, therefore, argues that the "basis for the Court's ruling in *Beckles* is inapposite to cases like [Movant's] where the sentence was imposed under a mandatory Guideline scheme." (Id.)

On June 29, 2017, the United States filed its Response to Movant's Supplemental Memorandum. (Id., Document No. 210.) The United States argues that in Beckles, the Supreme Court "held that the Sentencing Guidelines are not subject to a void for vagueness challenge under the Due Process Clause, a holding that resolves [Movant's] Motion pending before the Court." (Id.) Specifically, the United States asserts that the "mandatory guidelines are not subject to vagueness challenge." (Id.) The United States first explains that "whether the Guidelines are mandatory or advisory, the district court, even without the invalidated residual clause, could still

8

impose a sentence within the same statutory penalty range and indeed the same sentence as before." (Id.) Next, the United States asserts that "the second concern of the vagueness doctrine, arbitrary enforcement, does not differ whether mandatory or advisory guidelines are considered, for the 'Guidelines . . . do not regulate the public by prohibiting any conduct or by 'establishing minimum and maximum penalties for [any] crime.'" (Id.) The United States claims that "[i]n both mandatory and advisory guidelines cases, the guidelines guide judges, not the public, just as the factors in 18 U.S.C. § 3553(a) do." (Id.) The United States concludes that "Beckles' reasoning undercuts any distinction between the advisory and mandatory guidelines." (Id.) Therefore, the United States asserts that the mandatory guidelines are not subject to the vagueness challenges." (Id.)

On July 13, 2017, Movant filed his Reply. (Id., Document No. 211.) Movant again argues that the mandatory Guidelines are subject to a vagueness challenge. (Id.) Citing Beckles, Movant argues that "the void for vagueness doctrine applies not only to 'laws that *define* criminal offenses,' but to 'laws that *fix the permissible sentences* for criminal offense.'" (Id.) Movant argues that the "mandatory Guidelines did just that" by prescribing the "sentence to be imposed in a criminal case" and setting "the minimum and maximum sentences authorized by law." (Id.) Thus, Movant concludes that "[i]t is incorrect to suggest that for a provision to be subject to a vagueness challenge, it must be a statute enacted by Congress." (Id.) Movant claims that "the mandatory Guidelines 'fix[ed] the permissible range of sentences.'" (Id.) Movant explains that the "Guidelines '[had] the force and effect of law,' because § 3553(b) mandated 'that the court '*shall* impose a sentence of the kind, and with the range' established by the Guidelines, subject to departures in specific, limited circumstances.'" (Id.)

9

## ANALYSIS

The relevant portion of Section 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255

10

proceeding which could have been raised on direct appeal."); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255(f). In the instant case, Movant argues that Section 2255(f)(3) applies because the United States Supreme Court recognized a new right in Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) and Welch v. United States, ___ U.S. ___, 136

S.Ct. 1257, 194 L.Ed.2d 387 (2016).[4] (Id.) In Response, the United States argues that Movant's Section 2255 Motion is untimely. (Document No. 20, pp. 9 – 17.) Specifically, the United States asserts that Movant "cannot demonstrate that the Supreme Court has recognized the substantive right he asserts in his Johnson-based argument, that is, that the residual clause in USSG §4B1.2(a)(2) is unconstitutionally vague." (Id., pp. 14 - 17) The United States explains that in Johnson, the Supreme Court held that the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(b)(ii), is unconstitutionally vague. (Id.) The United States stresses that Movant is not challenging an ACCA sentence, but is challenging his status as a career offender under the United States Sentencing Guidelines. (Id.) Therefore, the United States concludes that Movant's "claim based on Johnson cannot be viewed under § 2255(f)(3), because there simply is not a 'new right' recognized by the Supreme Court." (Id.)

When a movant wishes to make a claim based on a decision by the United States Supreme Court after his conviction becomes final, the movant must show that the Supreme Court decision announced a new rule and that the new rule is retroactive to cases on collateral review. See Teague v. Lane, 489 U.S. 288, 308, 109 S.Ct. 1060, 1071, 103 L.Ed.2d 334 (1989). Specifically, to obtain the benefit of the limitations period stated in Section 2255(f)(3), a movant must establish the following: "(1) that the Supreme Court recognized a new right; (2) that the right 'has been . . . made retroactively applicable to cases on collateral review;' and (3) that [the movant] filed his motion within one year of the date on which the Supreme Court recognized the

---

[4] The Fourth Circuit affirmed Movant's conviction and sentence on July 15, 1998, and his sentence became final 90 days later when he did not file a petition for writ of certiorari (October 14, 1998). Movant does not contend that his Section 2255 Motion is timely based upon Section 2255(f)(1), (2), or (4).

right." United States v. Mathur, 685 F.3d 396, 398 (4th Cir. 2012).

In Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), the United States Supreme Court held that the "residual clause" of the Armed Career Criminal Act was unconstitutionally vague and "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." Johnson, ___ U.S. at ___, 135 S.Ct. at 2555-63. The ACCA provides for enhanced penalties for those with three qualifying prior felony convictions for either serious drug offenses or "violent felonies." The ACCA defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year " that - - (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B)(ii)(emphasis added). The italicized portion above is known as the ACCA's "residual clause." The Supreme Court determined the ACCA's "residual clause" to be unconstitutionally vague because its application was too "wide-ranging" and "indeterminate." Id. On April 18, 2016, the United States Supreme Court determined that Johnson announced a new substantive rule that applies retroactively to cases on collateral review. Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).

In the instant case, Movant does not contend that he was sentenced under the ACCA. Movant, however, argues that Johnson should be extended to career offenders sentenced under the "residual clause" of the Guidelines. Movant was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1 because he had at least two qualifying prior convictions (a West Virginia conviction for second degree murder and a control substance offense). Movant, however,

13

contends that his prior conviction for second degree murder no longer qualifies as a "crime of violence" under the "residual clause" of Section 4B1.2(a). Movant correctly notes that the "residual clause" in U.S.S.G. § 4B1.2(a) is textually identical to the "residual clause" of the ACCA (18 U.S.C. § 924(e)(2)(B)(ii)). U.S.S.G. § 4B1.2(a) defines "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year that – (A) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) is burglary of a dwelling, arson, or extortion, involves the use of explosive, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." U.S.S.G. § 4B1.2(emphasis added). The italicized portion above is known as the "residual clause" of Section 4B1.2. Identical to Section 4B1.2(a)'s "residual clause," the ACCA's "residual clause" defines "violent felony" as a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Based upon the identical definitions of "crime of violence" in Section 4B1.2(a)'s "residual clause" and "violent felonies" in the ACCA's "residual clause," Movant argues that Johnson applies retroactively and the "residual clause" of Section 4B1.2(a) of the Guidelines is unconstitutionally vague.

Subsequent to the filing of Movant's Section 2255 Motion, the United States Supreme Court issued its decision in Beckles v. United States, ___ U.S. ___, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017). On March 6, 2017, the United States Supreme Court held that the United States Sentencing Guidelines are not subject to a void for vagueness challenge under the Fifth Amendment in light of Johnson. Beckles v. United States, ___ U.S. ___, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017). The Supreme Court specifically determined that the "residual clause" of

Section 4B1.2(a) was not unconstitutionally vague because that "[u]nlike the ACCA . . . the *advisory* Guidelines do not fix the permissible range of sentences." Id.(emphasis added) The Supreme Court explained that the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range," and thus are not subject to a vagueness challenge. Id. Notwithstanding Beckles, Movant continues to argue that he is entitled to *habeas* relief. Movant explains that the "basis for the Court's ruling in *Beckles* is inapposite to cases like [Movant's] where the sentence was imposed under a mandatory Guideline scheme." Thus, Movant concludes that because he was "sentenced before *United States v. Booker*, 543 U.S. 220 (2005), and the advent of advisory Sentencing Guidelines, *Beckles* does not resolve his pending § 2255 motion." Therefore, Movant concludes that his Section 2255 Motion is timely under Section 2255(f)(3) and he should be resentenced based upon Johnson and Welch.

In United States v. Brown, 868 F.3d 297 (4th Cir. 2017), the Fourth Circuit specifically addressed this argument. In Brown, the petitioner requested the Court to "cobble together a right by combining *Johnson's* reasoning with that of two other Supreme Court cases, *Booker* and *Beckles*." Id. at 302. Specifically, Mr. Brown argued that the pre-*Booker*, mandatory "Sentencing Guidelines cabined a sentencing judge's discretion in a manner that raises the same concerns animating the Supreme Court's decision in *Johnson*; denying fair notice to defendants and inviting arbitrary enforcement by judges." Id. Mr. Brown then noted that "the *Beckles* Court carefully limited its holding to the advisory Sentencing Guidelines, thus, in his view, leaving open the question of whether defendants could challenge sentences imposed under the mandatory Sentencing Guidelines as void for vagueness." Id. The Fourth Circuit, however, concluded that Mr. Brown's argument was "self-defeating" because "[i]f the Supreme Court left

15

open the question of whether Petitioner's asserted right exists, the Supreme Court has not 'recognized' that right." Id. The Fourth Circuit noted that Mr. Brown could only meet the AEDPA time bar if Supreme Court precedent rendered his motion timely by recognizing a new right entitling him to relief. Id. at 299. The Fourth Circuit determined that "neither *Johnson*, nor *Beckles*, nor any other Supreme Court case" has yet recognized the specific right of a defendant to obtain relief that was sentenced as a career offender under a mandatory-Guideline regime. Id. The Fourth Circuit explained that "*Johnson* only recognized that ACCA's residual clause was unconstitutionally vague" and it did not touch upon the residual clause of the United States Sentencing Guidelines. Id. at 303. The Fourth Circuit noted that "the *Beckles* Court expressly declined to address the issue of whether the pre-*Booker* mandatory Sentencing Guidelines are amenable to void-for-vagueness challenges." Id. at 300. Specifically, the Fourth Circuit stated that "*Beckles* only recognized that the advisory Sentencing Guidelines are not amenable to vagueness challenges." Id. Thus, the Fourth Circuit determined that "*Beckles* confirms that the Supreme Court has yet to recognize a broad right invalidating all residual clauses as void for vagueness simply because they exhibit wording similar to ACCA's residual clause." Id. at 302. Accordingly, the Fourth Circuit determined that Mr. Brown "raise[d] an untimely motion in light of § 2255(f)(3)'s plain language, the narrow nature of *Johnson's* binding holding, and *Beckles's* indication that the position advanced by Petitioner remains an open question in the Supreme Court." Id. at 303.

Based upon the foregoing, the undersigned finds that Movant's Section 2255 motion should be dismissed as untimely. See Jerecki v. United States, 2018 WL 259396 (S.D.W.Va. Jan. 2, 2018)(J. Johnston)(finding that a *Johnson* claim filed by a petitioner, who was sentenced as a

career offender under the mandatory U.S.S.G., was untimely under Section 2255(f)(3)); also see United States v. Harris, 2018 WL 1586431 (D.S.C. April 2, 2018)(finding that petitioner's 2255 motion seeking to attack his sentence imposed under the mandatory Guidelines based upon *Johnson* and *Welch*, does not fall under the statute of limitations in Section 2255(f)(3)); United States v. Reyes, 2018 WL 1541983 (E.D. Va. March 29, 2018)(same). Furthermore, the undersigned finds that Movant fails to present any other basis for finding that his predicate offenses do not satisfy the criteria for career offender status that can be considered timely and appropriately asserted in the above proceedings.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's *pro se* Motion to Vacate, Set Aside, or Correct Sentence by A Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Document No. 181) and "Successive Petitions Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence" (Document Nos. 192 and 196), **DENY as moot** the United States' Motion to Withdraw Referral to Magistrate Judge and Stay Case Pending Supreme Court Ruling (Document No. 199), and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge John T. Copenhaver, Jr. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from

the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Copenhaver, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant and counsel of record.

Date: April 26, 2018.

_____
Omar J. Aboulhosn
United States Magistrate Judge